## CHASE VS. THE STATE BANK.

The books of the plaintiff, the State Bank, having been brought into court and used by her on the trial, the defendant, to sustain his plea of payment, made application to the court, first laying a foundation therefor, to read an entry, showing a part payment which was granted, and the entry read.   He then, without a bill for discovery or a proceeding in its nature, offered to read in evidence other entries showing a balance to his credit: the plaintiff objected, and the court sustained the objection: HELD, That the court committed no error in refusing permission to read the entry under such circumstances.

*Error to the Circuit Court of Pulaski County.*

Hon. WM. H. FEILD, Circuit Judge.

PIKE & CUMMINS, for the plaintiff.

S. H. HEMPSTEAD, for the defendant.

Mr. Justice SCOTT delivered the opinion of the court.

This was an action of debt, tried by jury upon issues of fact, one of which was on the plea of payment.   After the evidence,

on the part of the plaintiff below, had been concluded, the defendant filed his petition, verified by affidavit, alleging a payment of the sum of $112—a loss of the receipt given to him by the proper officer of the Bank for the same—that he had not known of the loss until that day, and was not sure of it until by diligent search among his papers, where he supposed it was, up to a few minutes before the application, he had been unable to find it. And that no delay would be the result of an order of court to allow him to read from a book of the Bank, then on the clerk's table, and just before used by witnesses for the Bank, to refresh their memory, an entry therein which would show that the Bank had given him credit for the payment of $112, which he would have proved by the alleged receipt, but for its having been lost or mislaid as set up.

The court made the order against the objection of the Bank—as for the application being out of time—to which a bill of exceptions was taken, but as the Bank has not complained, that question is not presented.

After the defendant had thus proven the payment of $112, which, it appears by his bill of exceptions, was found and allowed for him, in the verdict of the jury, he offered to read, from the same book of accounts, further entries to prove additional payments by means of an apparent balance in his favor of $874 99, standing on the face of said account, in connection with oral evidence which he offered to produce, that before the commencement of this suit, he had expressly requested and directed the proper officer of the Bank to apply and appropriate as much as was necessary of said apparent balance to extinguish the note sued on, and if the same was insufficient, to apply it nevertheless upon this debt. But the court refused to permit him to do so, and the defendant filed his bill of exceptions.

At the same time that the defendant made this application, the plaintiff on her part offered to show, from the books of the Bank, other than said account book, and to prove that said apparent balance, long before the defendant had given his alleged

directions for its appropriation, had been actually appropriated and applied by the Bank, to wit: on the 11th August, 1846, and the 13th September, 1848, towards the payment of a note of said defendant, with Pike and Walters as his securities therein, payable to the Bank, dated 5th of December, 1843, on which suit was instituted in that court in April, 1853, and all the defendants discharged, at the then present term, upon their plea of the statute of limitations. But the court refused to permit her to do so, and she filed her bill of exceptions.

It appears, from the record, that no further application was made by the defendant, for the production of the books and papers of the Bank, other than that above mentioned in reference to the payment of $112.

Under this state of facts, it is manifest, that it would have been error in the court to have allowed the defendant's application, without the consent of the plaintiff, because the court could not compel the plaintiff to produce evidence against herself, otherwise than through a bill of discovery, or on a proceeding in its nature under the statute, which the defendant adopted as to the credit of $112, but which did not extend to the other and additional payments, which he sought to establish by the Bank's book, in connexion with the other evidence which he offered to produce. If the plaintiff could be held to have waived the objection, that the defendant had not extended this proceeding for the production of books, to the supposed additional payments, by reason of her having offered, on her part, to produce rebutting testimony to what was produced by the defendant, she could only be so held upon the condition that her rebutting testimony was also allowed. And to the refusal of the court either to allow the latter, or to any refusal of the court to allow the whole as one entire proposition, the defendant does not except at all; but only to so much of the ruling of the court as disallowed *his* proposition to produce the testimony on *his* behalf, which he offered.

To have allowed the defendant, under the facts of this case, what he proposed, would have been as unreasonable as to have

allowed him to propound two interrogatories to the plaintiff, or to have enquired as to *two* distinct facts, when he had, by a proper proceeding, applied for, and been granted leave of court to enquire as to *one* only.

We think it clear that the court did not commit any error against the defendant; and, therefore, the judgment will be affirmed, with costs.

Absent, Mr. Justice WALKER.